# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JOHN GARVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:22-cv-00994-DCN-MGB |
| vs. ) | |
| ) | **ORDER** |
| WARDEN LEVERN COHEN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on petitioner John Garvin's ("Garvin") motion for recusal, ECF No. 12. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

On May 23, 2013, a jury convicted Garvin of trafficking in heroin, and the Spartanburg County Court of General Sessions sentenced him to twenty-five years of imprisonment with a $200,000 fine. The South Carolina Court of Appeals later affirmed his conviction on direct appeal. State v. Garvin, 2014 WL 6721427 (S.C. Ct. App. Nov. 26, 2014) (per curiam).

Garvin has initiated numerous proceedings related to his conviction. On February 19, 2013, while he was still a state pretrial detainee, Garvin filed a habeas petition in this court. Garvin v. Wright, No. 2:13-cv-00442-DCN (D.S.C. 2013), ECF No. 1. This court ultimately affirmed the report and recommendation ("R&R") of the magistrate judge, granted the respondents' motion to dismiss, and denied relief on Garvin's petition. Id. at ECF No. 77. Garvin appealed the court's ruling, and on September 29, 2014, the United States Court of Appeal for the Fourth Circuit dismissed the appeal by unpublished per curium opinion after finding that Garvin had not made the requisite showing for a

1

certificate of appealability. Id. at ECF No. 86, reh'g denied, id. at ECF No. 88; Garvin v. Wright, 583 F. App'x 287 (4th Cir. 2014).

On February 20, 2013, Garvin filed a complaint under 42 U.S.C. § 1983 against Spartanburg County and various other defendants, asserting that they violated his constitutional rights in connection with his then-pending criminal case. Garvin v. Spartanburg Cnty., No. 7:13-cv-00454-DCN (D.S.C. 2013), ECF No. 1. This court affirmed the magistrate judge's R&R and dismissed Garvin's complaint without prejudice. Id. at ECF No. 14. Garvin appealed, and on August 26, 2013, the Fourth Circuit affirmed this court's ruling for the reasons stated in this court's order. Id. at ECF No. 28; Garvin v. Spartanburg Cnty., 538 F. App'x 333 (4th Cir. 2013).

Following his conviction, on November 18, 2015, Garvin filed a motion for post-conviction relief in the Spartanburg County Court of Common Pleas. Garvin then sought to remove the state postconviction proceeding to this court. Garvin v. South Carolina, No. 2:17-cv-01605-DCN (D.S.C. 2017). This court remanded Garvin's state postconviction proceeding back to state court. Id. at ECF No. 7. Garvin appealed, and on March 16, 2018, the Fourth Circuit dismissed Garvin's appeal for lack of jurisdiction. Id. at ECF No. 37; Garvin v. South Carolina, 715 F. App'x 289 (4th Cir. 2018). Subsequently, in 2019, as part of his state postconviction proceedings, Garvin served a subpoena on a special agent of the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), commanding him to appear and testify at Garvin's postconviction relief hearing. The United States of America (the "government") filed a motion to quash the subpoena in federal court. Garvin v. South Carolina, No. 2:19-cv-02201-DCN-MGB (D.S.C. Aug. 6, 2019), ECF Nos. 1, 10. This court ultimately ruled that the motion to quash was moot

because the state court had already held the hearing at which the special agent was requested to appear before the court could consider the motion. Id. at ECF No. 17.

On February 12, 2018, Garvin filed another habeas petition in this court. Garvin v. William, No. 2:18-cv-00409-DCN (D.S.C. 2018). This court affirmed the magistrate judge's R&R and dismissed Garvin's petition without prejudice for failure to exhaust state court remedies. Id. at ECF No. 18. Garvin appealed, and on October 25, 2018, the Fourth Circuit affirmed the court's ruling, finding no reversible error. Id. at ECF No. 30, reh'g denied, id. at ECF No. 33; Garvin v. William, 740 F. App'x 348 (4th Cir. 2018).

On March 28, 2022, Garvin, appearing pro se, filed the instant habeas petition pursuant to 28 U.S.C. § 2254. ECF No. 1. On May 23, 2022, Garvin filed a motion to disqualify and/or for recusal. ECF No. 12. Respondent LeVern Cohen, the warden of Ridgeland Correctional Institution, responded in opposition on June 6, 2022, ECF No. 15, and Garvin replied on June 15, 2022, ECF No. 23. As such, the motion is now ripe for review.

## II.   DISCUSSION

Garvin argues that this court's disqualification or recusal is proper under 28 U.S.C. §§ 144 and 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Section 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The same section provides specific circumstances warranting disqualification, including where a judge "has a

3

personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b).

In support of his motion, Garvin points to four of this court's prior rulings in cases involving Garvin. Garvin claims that in one case, this court's ruling unfairly prejudiced Garvin and that in three of his other cases, this court made an "erroneous ruling in favor of the Respondent[]" by "mischaracteriz[ing] the record." ECF No. 23-3, Garvin Aff. ¶ 5(d). Garvin argues that the court's decisions in those cases were "concocted" to dispose of the matters on procedural grounds and to prevent Garvin from proceeding on the substance of his arguments. Id. ¶ 8. Since Garvin submits that his prior habeas petitions and his current habeas petition "present[] the same issues," Garvin argues that he would be prejudiced if the instant action remained in this court. Id. ¶ 10.

Garvin's argument fails at the outset. The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also Belue v. Leventhal, 640 F.3d 567, 574 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor."). This rule applies to both federal statutes on which Garvin relies in the instant recusal motion. In determining the legal sufficiency of an affidavit filed pursuant to 28 U.S.C. § 144, a judge must determine whether the affidavit (1) complies with the procedural requirements of that section[1] and

---

[1] Specifically, "[a] party invoking § 144 must file a timely affidavit, signed by the party, that states the facts and reasons for the assertion that bias or prejudice exists." Kidd v. Greyhound Lines, Inc., 2004 WL 3756420, at *1 (E.D. Va. Sept. 23, 2004). Additionally, the affidavit must be accompanied by a certificate from counsel of record stating that the affidavit is made in good faith, although for pro se plaintiffs, the court

(2) alleges specific facts that demonstrate "a personal bias or prejudice either against [the party filing the affidavit] or in favor [of] an adverse party.'" Kidd v. Greyhound Lines, Inc., 2004 WL 3756420, at *3 (E.D. Va. Sept. 23, 2004) (quoting Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989)) (alterations in original). Both requirements apply to affidavits filed by pro se litigants. Wambach v. Hinkle, 2007 WL 2915072, at *1 (E.D. Va. Oct. 4, 2007). "To be considered legally sufficient, the affidavit[] must allege personal bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case." Sine, 882 F.2d at 914 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)) (other citations omitted). In other words, "[t]he alleged bias must . . . be personal, as distinguished from judicial, in nature." United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984). Recusal is not warranted if the alleged bias is "merely based upon the judge's rulings in the instant case or related cases." Id. (internal quotation marks and citation omitted).

The standard articulated in § 455(a) is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). Section 455's concern with partiality is only implicated by "judicial predispositions that go beyond what is normal and acceptable." Liteky, 510 U.S. at 552. Like § 144, then, "[t]he alleged bias must derive from an extra-judicial source." In re

---

may simply require he state that the affidavit was submitted in good faith. See Holman v. Wooten, 2010 WL 3814701, at *2 (D.S.C. Sept. 23, 2010). Here, the court finds that Garvin's affidavit meets the procedural requirements of § 144. His affidavit was submitted before any evidentiary hearing on his petition, and his affidavit contains a statement certifying that the affidavit was made in good faith, Garvin Aff. at 8.

Beard, 811 F.2d 818, 828 (4th Cir. 1987); see also People Helpers Found., Inc. v. City of Richmond, 12 F.3d 1321, 1325 (4th Cir. 1993) ("[T]he nature of the judge's bias must be personal and not judicial."). Court rulings, in and of themselves, "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required [] when no extrajudicial source is involved." Liteky, 510 U.S. at 555.

Here, Garvin is clearly arguing that the court is biased against him because it allegedly previously misapplied the law in a manner detrimental to his interests. However, Garvin fails to provide any indication that these adverse rulings were based on extrajudicial information. Garvin has also failed to demonstrate that the adverse rulings otherwise reveal a "deep-seated and unequivocal antagonism that would render fair judgment impossible." Id. at 556. To infer such antagonism from the claim that the court's adverse rulings were in error would effectively require recusal every time a court issued a decision unfavorable to a petitioner. Certainly, that result would not comport with the "high bar . . . for predisposition recusals" set by Supreme Court jurisprudence. Belue, 640 F.3d at 573. As the Supreme Court recognized in Liteky, judicial rulings are "[a]lmost invariably . . . proper grounds for appeal, not recusal." Liteky, 510 U.S. at 555. Therefore, the court denies Garvin's motion on these grounds.

Even assuming that this court's prior rulings could serve as grounds for recusal, the court finds that they do not in this instance. The court described the lengthy procedural history of Garvin's cases related to his conviction in the Background section of this Order, and in three of the prior proceedings at issue, the Fourth Circuit affirmed this court's ruling on Garvin's various petitions and complaints. Thus, there is no

indication that any of the court's decisions to dismiss those proceedings were legally erroneous. For Garvin's full benefit, however, the court further considers each ground raised, ultimately finding that none are sufficient to require this court's recusal.

First, Garvin contends that this court abused its discretion and made an erroneous ruling after it found the government's motion to quash a subpoena to be moot in Garvin v. South Carolina, No. 2:19-cv-02201-DCN-MGB. To recap, Garvin issued a state court subpoena to an ATF agent, and the government's motion to quash the subpoena was referred to this court. Garvin contends that this court's decision to moot the motion to quash failed to take into consideration that the state court "lacked jurisdiction pursuant to 28 U.S.C. § 1446(d)." Garvin Aff. ¶ 5(c). As a result, Garvin claims he was deprived of an opportunity to impeach the special agent for providing perjured testimony at his trial. While Garvin never appealed this decision to the Fourth Circuit, the court finds that its order was not legally erroneous. Given that the hearing for which the ATF agent was subpoenaed to testify at had already passed before the court could consider the motion, there was no active subpoena that the court could quash, rendering the government's motion moot. Cf. Dame v. United States, 643 F. Supp. 533, 534 (S.D.N.Y. 1986) ("Because the summonses were thus withdrawn, there are no summonses to quash, and petitioner's motion to quash must be denied."). The court acknowledges that unlike in Dame, Garvin did not withdraw his subpoena. Instead, per Garvin, the state court held his postconviction hearing without requiring the ATF agent to testify. If that was indeed what occurred, however, this court would have lacked jurisdiction to reach a separate decision from the state court's ruling. See United States v. Williams, 170 F.3d 431, 433 (4th Cir. 1999) ("[B]ecause 'a federal court's jurisdiction upon removal under 28 U.S.C.

7

§ 1442(a)(1) is derivative of the state court jurisdiction,' the federal court can acquire no jurisdiction to enforce a state court subpoena or order upon removal.") (quoting Smith v. Cromer, 159 F.3d 875, 878 (4th Cir. 1998)). Most importantly, even if the court's ruling had been erroneous, the ruling alone does not provide an adequate ground for recusal for the reasons discussed earlier.

Next, Garvin argues that this court mischaracterized the record in three other cases, resulting in the dismissal of each of those cases on procedural grounds. The court finds that Garvin raises the same perceived error in each case, but for clarity, it considers each case in the order raised by Garvin.

First, Garvin argues that the court committed an error by granting the respondents' motion to dismiss his habeas petition in Garvin v. Wright, No. 2:13-cv-00442-DCN. There, this court adopted the magistrate judge's R&R in full and granted the respondents' motion to dismiss. Garvin claims that in adopting the R&R, the court chose not to accept and weigh Garvin's objections because they were not timely filed. Garvin Aff. ¶ 5(d)(1) ("Judge Norton's Order affirming the Magistrate Judge's R&R would falsely state that Petitioner 'fail[ed] to file timely written objections to the magistrate judge's report[.]'"). But Garvin is mistaken. Garvin refers to a sentence that was contained in the court's recitation of the general law applicable to orders on R&Rs. In that section, the court simply noted that "any party who fails to file timely, written objections to the magistrate judge's report . . . waives the right to raise those objections at the appellate court level." Garvin v. Wright, No. 2:13-cv-00442-DCN, ECF No. 77 at 1 (citing United States v. Schronce, 727 F.2d 91 (4th Cir. 1984)). Immediately after that sentence, however, the court acknowledged that "[o]bjections to the magistrate judge's

report and recommendation were timely filed on March 3, 2014."[2]  Id. at ECF No. 77 at 1–2.  In light of Garvin's objections, the court conducted a de novo review of the record but determined that the magistrate judge had reached the proper result.  Id. at ECF No. 77 at 2.  The court certainly understands that pro se litigants may encounter some difficulties when parsing through legal opinions but ultimately finds that in this instance, the court did not disregard Garvin's objections to the R&R.

Second, Garvin argues that the court committed the same error when it affirmed the magistrate judge's R&R and dismissed Garvin's § 1983 complaint in Garvin v. Spartanburg County, No. 7:13-cv-00454-DCN.  Unfortunately for Garvin, he misreads the court's order in this case in the same fashion as before.  The court in fact recognized that Garvin had filed timely objections to the R&R; it simply found them to be without merit.  Garvin v. Spartanburg County, No. 7:13-cv-00454-DCN, ECF No. 14 at 1–2 (reciting the law from Schronce but noting that objections to the R&R were timely filed on April 4, 2013).

Third, Garvin argues that the court committed the same error when it affirmed the magistrate judge's R&R and dismissed Garvin's habeas petition in Garvin v. William, No. 2:18-cv-00409-DCN.  Once again, the purported error identified by Garvin is not one that was borne out.  In its order dismissing Garvin's petition, the court recognized that Garvin had filed timely objections to the R&R.  Garvin v. William, No. 2:18-cv-00409-DCN, ECF No. 18 at 1–2 (reciting the law from Schronce but noting that objections to

---

[2] Garvin also argues that the court failed to account for a federal rule that allows a prisoner's pleading to be considered filed at the moment of delivery to prison authorities.  Again, the court did not deem Garvin's objections to be untimely, so Garvin's argument is inconsequential.

the R&R were timely filed on April 5, 2018).  In each instance where Garvin claims that the court "mischaracterized the record" and "communicated a lack of respect for the actual facts" of the case, Garvin Aff. ¶ 5(d)(1), Garvin is just wrong.  To the extent that Garvin also argues that this court rendered erroneous decisions that otherwise reflected bias or prejudice against him, the court notes again that in each of the latter three cases, the Fourth Circuit affirmed the court's decision.  In sum, Garvin has failed to prove that any of the court's rulings were erroneous, much less that such rulings signal any degree of antagonism towards him in the absence of extrajudicial evidence.

### III.   CONCLUSION

For the reasons set forth above, the court **DENIES** Garvin's motion.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 23, 2022**
**Charleston, South Carolina**