**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JOHN GARVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:22-cv-00994-DCN-MGB |
| vs. ) | |
| ) | **ORDER** |
| WARDEN LEVERN COHEN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on petitioner John Garvin's ("Garvin") motion for reconsideration, ECF No. 31, requesting that the court reconsider its order denying Garvin's motion for recusal, ECF No. 24. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

On May 23, 2013, a jury convicted Garvin of trafficking in heroin, and the Spartanburg County Court of General Sessions sentenced him to twenty-five years of imprisonment with a $200,000 fine. The South Carolina Court of Appeals later affirmed his conviction on direct appeal. State v. Garvin, 2014 WL 6721427 (S.C. Ct. App. Nov. 26, 2014) (per curiam).

On March 28, 2022, Garvin, appearing pro se, filed the instant habeas petition pursuant to 28 U.S.C. § 2254. ECF No. 1. On May 23, 2022, Garvin filed a motion to disqualify and/or for recusal. ECF No. 12. The court denied the motion on June 23, 2022. ECF No. 24. On July 20, 2022, Garvin filed a motion for reconsideration. ECF No. 31. Respondent LeVern Cohen, the warden of Ridgeland Correctional Institution,

1

responded in opposition on August 3, 2022, ECF No. 33, and Garvin replied on August 12, 2022, ECF No. 38. As such, the motion is now ripe for review.

## II.  STANDARD

Federal Rule of Civil Procedure 54(b) is the proper avenue by which a party may seek reconsideration of an interlocutory order. Spill the Beans, Inc. v. Sweetreats, Inc., 2009 WL 2929434, at *1 (D.S.C. Sept. 8, 2009). Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003) (citations omitted); see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). Compared to motions under Rule 59(e) for reconsideration of final judgments, "Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (citation omitted).

"The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion" but has noted that Rule 54(b) motions "are 'not subject to the strict standards applicable to motions for reconsideration of a final judgment.'" Ashmore v. Williams, 2017 WL 24255 at *2 (D.S.C. Jan. 3, 2017) (quoting Am. Canoe Ass'n, 326 F.3d at 514). "In this regard, district courts in the Fourth Circuit . . . look to the standards

of motions under Rule 59 for guidance."[1] Id. (citations omitted). Therefore, Rule 54(b) reconsideration is appropriate "(1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." Id. (citation omitted); Carlson, 856 F.3d at 324.

### III.  DISCUSSION

Garvin previously argued that this court's disqualification or recusal is proper under 28 U.S.C. §§ 144 and 455. In support, Garvin argued that this court issued erroneous rulings in four of his prior proceedings, and those rulings were "concocted" to dispose of the matters on procedural grounds and to prevent Garvin from proceeding on the substance of his arguments. ECF No. 23-3, Garvin Aff. ¶ 8. The court denied Garvin's motion, noting that under both §§ 144 and 455, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." ECF No. 24 at 4 (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). The court explained that instead, "[t]he alleged bias must derive from an extra-judicial source," and court rulings alone cannot constitute an extrajudicial source. Id. (quoting In re Beard, 811 F.2d 818, 828 (4th Cir. 1987)). Since Garvin failed to allege any bias or impartiality caused by an extrajudicial source other than this court's participation in the case, the court denied the motion. Id.

In his motion for reconsideration, Garvin reiterates his belief that this court stated "falsehoods" in at least three of his prior cases, and the court's "adverse ruling[s] were based on an extrajudicial source." ECF No. 31-4 at 5–6. This argument does nothing

---

[1] Garvin brings his motion under Federal Rule of Civil Procedure 59(e). Since Rule 59(e) and Rule 54(b) are based on the same standards, the court can evaluate Garvin's arguments without requesting that he re-brief the issue.

more than reraise a contention in Garvin's prior motion for recusal and as such, the court need not consider it again. Both Rule 59(e) and Rule 54(b) motions "may not be used merely to reiterate arguments previously rejected by the court." Sanders v. Lowe's Home Ctrs., LLC, 2016 WL 5920840, at *4 (D.S.C. Oct. 11, 2016) (citation omitted).

Additionally, Garvin argues that the court committed a manifest error of law in analyzing 28 U.S.C. § 144. In his motion for reconsideration, Garvin argues for the first time that § 144 grants a litigant the right to peremptorily disqualify a judge from his case. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.

28 U.S.C. § 144. The "standard for recusal under [§] 144 is not easily met." Myer v. Cooke, 2005 WL 6168486, at *1 (E.D.N.C. June 29, 2005). As this court explained in its prior order, Garvin's affidavit failed to allege specific facts that demonstrated a personal bias or prejudice against Garvin, as is required. ECF No. 24 at 5. Furthermore, Garvin failed to meet § 144's timing requirements. Garvin instituted this case on March 28, 2022. ECF No. 1. He filed his affidavit in support of recusal on May 18, 2022, almost two months later. ECF No. 12-2. Because Garvin's affidavit is both legally insufficient under § 144 and untimely, the court did not commit a clear error of law or manifest injustice in denying Garvin's motion under § 144.

Garvin is also mistaken that § 144 provides a right to an automatic disqualification of a judge. Garvin cites a legal encyclopedia section for the proposition

that a party has a procedural right to excuse a judge without cause. ECF No. 31-4 at 7 (citing 46 Am. Jur. 2d Judges § 179 (2022)). But upon review, Garvin's source is surveying state statutes—like those in California, Missouri, and New Mexico—that authorize a peremptory challenge of a judge. 46 Am. Jur. 2d Judges § 179 (2022) (citing, inter alia, California caselaw analyzing Cal. Civ. P. Code § 170.6 (West 2011)). Elsewhere, Garvin cites cases concerning the peremptory challenge procedure for juries. ECF No. 31-4 at 8 (citing Swain v. Alabama, 380 U.S. 202, 219 (1965)). Those cases are not applicable here. As 28 U.S.C. § 144 firmly establishes, recusal is not an automatic right; Garvin's affidavit must allege bias or prejudice caused by an extrajudicial source. For the reasons discussed in the court's prior order and herein, Garvin has failed to make that showing.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Garvin's motion.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**November 15, 2022**
**Charleston, South Carolina**

5