**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| JOHN GARVIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:22-cv-00994-DCN-MGB |
| vs. | ) | |
| | ) | **ORDER** |
| WARDEN LEVERN COHEN, | ) | |
| | ) | |
| Respondent. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

This matter is before the court on Magistrate Judge Mary Gordon Baker's report and recommendation ("R&R"), ECF No. 71, that the court grant respondent Warden LeVern Cohen's ("Cohen") motion for summary judgment, ECF No. 53, deny petitioner John Garvin's ("Garvin") motion for a declaratory judgment, ECF No. 63, and dismiss the petition with prejudice. For the reasons set forth below, the court adopts the R&R and dismisses the petition.

## I.  BACKGROUND

The R&R ably recites the facts and procedural history, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.

On July 17, 2012, the Spartanburg County Sheriff's Office arranged for Frederick Jerman ("Jerman"), an informant with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, to buy drugs from Garvin and an individual named Jonathan Perez. An investigator searched Jerman to ensure he had no narcotics of his own and then provided Jerman with money to buy the drugs and video equipment to record the transaction. ECF

1

No. 26-1 at 47–50.  The investigator observed the drug deal from across the street.  Id.
Afterwards, Jerman turned over a package of drugs that he had purchased, which was
later revealed to be 14.53 grams of heroin.  Id. at 78.  On May 23, 2013, a jury convicted
Garvin of trafficking in heroin, and the Spartanburg County Court of General Sessions
(the "trial court") sentenced him to twenty-five years of imprisonment with a $200,000
fine.  The South Carolina Court of Appeals later affirmed his conviction on direct appeal.
ECF No. 26-5; State v. Garvin, 2014 WL 6721427 (S.C. Ct. App. Nov. 26, 2014) (per
curiam).

On September 12, 2015, Garvin filed a motion for a new trial based on after-
discovered evidence.  ECF No. 26-7.  The trial court denied the motion.  ECF No. 26-8.
Garvin appealed, and the South Carolina Court of Appeals dismissed the motion for
failure to serve timely notice of appeal upon the State.  ECF No. 30 at 6.  Garvin filed a
petition for writ of certiorari, which the South Carolina Supreme Court denied on August
22, 2017.  ECF No. 30-1 at 82.

On November 18, 2015, Garvin filed a motion for post-conviction relief ("PCR").
Garvin was provided with court-appointed PCR counsel, but he opted to proceed pro se at
the evidentiary hearing after filing a motion to relieve counsel.  ECF No. 26-13 at 2.  The
state court that heard Garvin's PCR motion (the "PCR court") denied the motion on July
10, 2020.  Id. at 28.  On appeal, Garvin was provided with counsel from the South
Carolina Commission on Indigent Defense's Department of Appellate Defense, but
Garvin filed a motion to relieve counsel and once again proceeded pro se.  R&R at 3–4

2

(citing motion and South Carolina Supreme Court decision).[1]  On November 12, 2021,

the South Carolina Supreme Court dismissed Garvin's petition for failure to comply with

the South Carolina Appellate Court Rules and order of the court.  ECF No. 26-15.

Garvin filed a motion to reinstate his appeal, which the South Carolina Supreme Court

denied on March 15, 2021.  Id.  According to Garvin, he subsequently filed an appeal to

the United States Supreme Court, though no record of such an appeal was provided.

On March 28, 2022, Garvin, appearing pro se, filed the instant habeas petition

pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and

(B) and Local Civil Rules 73.02(B)(2)(c) (D.S.C.), all pretrial proceedings in this case

were referred to Magistrate Judge Baker.  On September 15, 2022, Garvin filed an

amended petition for writ of habeas corpus.  ECF No. 51, Amend. Pet.  On November 14,

2022, Cohen filed a motion for summary judgment.  ECF No. 53.[2]  Garvin responded in

opposition on December 15, 2022, ECF No. 58, and Cohen replied on January 23, 2023,

ECF No. 62.  On January 27, 2023, Garvin filed a motion for a declaratory judgment.

ECF No. 63.  Cohen responded in opposition on February 2, 2023.  ECF No. 64.  At the

magistrate judge's request, both parties filed supplemental briefs concerning an issue

raised in the motion for summary judgment on March 1, 2023.  ECF Nos. 68, 69.  On

March 7, 2023, Magistrate Judge Baker issued the R&R, recommending the court grant

---

[1] As the magistrate judge noted, Cohen did not file all the relevant documents related to the PCR appeal; however, the magistrate judge was able to view the documents from the state's online docket system.  R&R at 3 n.1.  The court similarly references the documents from the system.  See South Carolina Appellate Case Management System, App. Case No. 2020-001418, https://ctrack.sccourts.org/public/caseView.do?csIID= 72859 (last accessed Aug. 7, 2023).

[2] The memorandum in support of the motion for summary judgment is found at ECF No. 52.

3

Cohen's motion for summary judgment and deny Garvin's motion for a declaratory

judgment.  ECF No. 71 ("R&R").  In the same order, the magistrate judge denied

Garvin's motion to strike, ECF No. 67, and motion to amend, ECF No. 70.[3]  Id.  On April

19, 2023, Garvin filed his objections to the R&R.  ECF No. 87.  Cohen responded[4] to the

objections on May 3, 2023, ECF No. 89.  As such, the motions are now ripe for review.[5]

## II.  STANDARD

### A.  Order on R&R

This court is charged with conducting a de novo review of any portion of the

magistrate judge's R&R to which specific, written objections are made.  28 U.S.C.

§ 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of

the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The

recommendation of the magistrate judge carries no presumptive weight, and the

responsibility to make a final determination rests with this court.  Mathews v. Weber, 423

U.S. 261, 270-71 (1976).  However, de novo review is unnecessary when a party makes

---

[3] On June 28, 2023, Garvin filed a motion for preliminary injunction.  ECF No. 92.  On June 30, 2023, Garvin filed a motion styled as a motion for release.  ECF No. 94. The court's decision to grant Cohen's motion for summary judgment moots both motions.

[4] Cohen's response to Garvin's objections merely relies on the R&R.  See ECF No. 89 at 1 ("Petitioner's objections are without merit for the reasons set forth in the Report and Recommendation . . . .").  As such, the court considers there to functionally be no response from respondent.

[5] The court notes, as the magistrate judge did, that neither party filed a motion to exceed the page limit as provided under Local Civ. Rule 7.05(B) (D.S.C.).  R&R at 9 n.3. The court further notes that Cohen's eighty-eight-page memorandum was far from the paragon of clarity.  As just one example, the State Attorney General's office, as counsel for Cohen, reproduced the entirety of the PCR court's twenty-eight-page order in Cohen's brief instead of directing the court to certain portions as necessary.  Compare ECF No. 52 at 11–39 (memorandum of law), with ECF No. 26-13 (PCR court order). The court cautions counsel against the practice in the future.

general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

### B.  Motion for Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Id. at 249.  The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor.  Id. at 255.

### C.  Habeas Corpus

This court's review of a habeas petition is governed by 28 U.S.C. § 2254, which was amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1213.  See Lindh v. Murphy, 521 U.S. 320 (1997). Section 2254(a) provides federal habeas jurisdiction for the limited purpose of establishing whether a person is "in custody in violation of the Constitution or laws or treaties of the United States."  This power to grant relief is limited by § 2254(d), which provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The "contrary to" and "unreasonable application" clauses contained in § 2254(d)(1) are to be given independent meaning—in other words, a petitioner may be entitled to habeas corpus relief if the state court adjudication was either contrary to or an unreasonable application of clearly established federal law.

A state court decision can be "contrary to" clearly established federal law in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]."  Williams v. Taylor, 529 U.S. 362, 405 (2000). Section 2254(d)(1) restricts the source of clearly established law to holdings of the

Supreme Court as of the time of the relevant state court decision.  See id. at 412; see also Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005).

For an "unreasonable" application of the law, a state court decision can also involve an "unreasonable application" of clearly established federal law in two ways: (1) "if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  Williams, 529 U.S. at 407.

However, "an unreasonable application of federal law is different from an incorrect application of federal law," and "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 410–11 (emphasis in original). Indeed, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable."  Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams, 529 U.S. at 410).

### D.  Pro Se Petitioners

Petitioner is proceeding pro se in this case.  Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978).  A federal district court is charged with liberally

7

construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.  DISCUSSION

In the amended petition, now the operative petition, Garvin raises six grounds for relief. In the motion for summary judgment, Cohen raised several independent reasons why each ground should be dismissed. First, Cohen argued that all six grounds were procedurally barred. ECF No. 52 at 45–54. Next, Cohen challenged the merits of each ground for relief. Id. at 54–87. As part of Cohen's arguments regarding the merits of the claims, Cohen argued that Grounds One, Five, and Six were not cognizable claims on federal habeas review because the claims solely involved interpretations of state law. The magistrate judge first considered that argument and agreed that Grounds One, Five, and Six were not properly before the court. R&R at 12–15. The magistrate judge then determined that the remaining claims—Grounds Two, Three, and Four—were procedurally defaulted. Garvin objects to the magistrate judge's recommendations on all six claims; therefore, a de novo review is necessary. Even though the court reviews the objections de novo, the court groups and analyzes the grounds for relief in the same manner as the magistrate judge.

### A.  Cognizable Claims

In the motion for summary judgment, Cohen argued that Grounds One, Five, and Six are not cognizable claims in a federal habeas petition because they solely involve

applications of state law.  ECF No. 52 at 59, 84, 86.  "A federal court may grant habeas

relief 'only on the ground that [the petitioner] is in custody in violation of the

Constitution or laws or treaties of the United States.'"  Weeks v. Angelone, 176 F.3d 249,

262 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000) (quoting 28 U.S.C. § 2254(a)) (alteration

in original).  "Therefore, when a petitioner's claim rests solely upon an interpretation of

state case law and statutes, it is not cognizable on federal habeas review."  Id. (citing

Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)).  Applying that rule, the magistrate judge

recommended that Grounds One, Five, and Six be dismissed.  Garvin objects to that

recommendation for each ground.

### 1.  Ground One

Ground One in the amended petition is titled "Actual Innocence."  Amend. Pet. at

6.  Under this ground for relief, Garvin claims that certain material facts were "not

previously presented and heard," and the PCR court failed to rule on the evidence.  Id.  In

the R&R, the magistrate judge correctly noted that courts in the Fourth Circuit are

unsettled about "[w]hether a freestanding claim of actual innocence is cognizable as a

habeas action unaccompanied by an assertion of an independent constitutional violation."

R&R at 13 (quoting United States v. Hawkins, 2015 WL 7308677, at *8 n.16 (W.D. Va.

Nov. 19, 2015)).  Despite this uncertainty, "the Supreme Court has strongly suggested

that claims of actual innocence standing alone do not serve as an independent basis for

relief."  Buckner v. Polk, 453 F.3d 195, 199 (4th Cir. 2006) (citing Herrera v. Collins,

506 U.S. 390, 400 (1993)).  Based on that finding, Garvin may deploy his claim about

actual innocence to argue why he may overcome the procedural default of his other

claims, but the court agrees with the magistrate judge that when presented as a standalone argument, the claim is subject to dismissal.

Garvin's objections solely raise arguments emphasizing the merits of his actual-innocence claim.  See generally ECF No. 87 at 3–8.  At most, Garvin argues that a "fundamental miscarriage of justice" will occur "if his actual innocence claim is not considered," id. at 3, but Garvin fails to engage with the caselaw cited in the R&R.  As the Fourth Circuit has explained, even "if free-standing actual innocence claims were cognizable on federal habeas review, 'the threshold showing for such an assumed right would necessarily be extraordinarily high.'"  Buckner, 453 F.3d at 199 (quoting Herrera, 506 U.S. at 417).  As the court discusses more thoroughly under the section on procedural default, Garvin has not met the standard for showing actual innocence in the context of procedural default; therefore, he certainly cannot bring a free-standing actual innocence claim.  The court overrules Garvin's objection under Ground One and dismisses the claim.

### 2. Ground Five

Under Ground Five, Garvin asserts that the grand jury had no jurisdiction over him at the time of his indictment for several reasons, among them because (1) the assistant solicitor denied Garvin's request for a preliminary hearing pursuant to S.C. Code Ann. § 22-5-320, (2) the grand jury "was not selected, drawn, or summoned in accordance with S.C. Code Ann. §§ 14-7-1540 and 14-9-210," and (3) the indictment did not state facts sufficient to put Garvin on notice of the offenses with which he was being charged.  Amend. Pet. at 18.  In the R&R, the magistrate judge determined that this claim

solely raised deficiencies with the state court indictment and other errors of state law and therefore the claims were not properly raised in a federal habeas petition. R&R at 14.

Garvin raises two broad arguments in his objections, first arguing that the United States Constitution applies to the State and to municipalities. ECF No. 87 at 18. But Garvin fails to identify any constitutional violation that arose during the state grand jury process. Garvin generally states that that the indictment and grand jury process violated his Fifth, Sixth, and Fourteenth Amendment rights, but he does not develop those arguments any further. Even if the court were to favorably construe his argument, Garvin's claim cannot, by law, implicate the Fifth Amendment's guarantee of a presentment or indictment of a grand jury. See Hartman v. Lee, 283 F.3d 190, 195 n.4 (4th Cir. 2002) (explaining that "the Fifth Amendment requirement of indictment by grand jury does not apply to the states" and thus "federal cases involving indictments are of little value when evaluating the sufficiency . . . of a state accusatory pleading") (quoting Wilson v. Lindler, 995 F.2d 1256, 1264 (4th Cir. 1993) (Widener, J., dissenting)). Similarly, a defective indictment alone will not give rise to violations of the Sixth and Fourteenth Amendments. See id. at 195–96 (explaining that there is no law stating that "the only constitutionally sufficient means of providing the notice required by the Sixth and Fourteenth Amendments is through the charging document). The court thus overrules Garvin's objection that he properly raised a constitutional claim.

Second, Garvin argues that an error of state procedural law may provide a basis for federal habeas review where the error resulted in a "complete miscarriage of justice" or "where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 19–20 (citing Hill v. United States, 368 U.S. 424, 428 (1962)); see also Wright v.

Angelone, 151 F.3d 151, 158 (4th Cir. 1998)).  If anything, however, the cases cited by

Garvin underscore that the standard for showing a "complete miscarriage of justice" is

difficult to meet.  In Hill and Wright, the Supreme Court and Fourth Circuit respectively

determined that the petitioner had failed to raise any errors that resulted in a complete

miscarriage of justice.  See Hill, 368 U.S. at 428 (holding that the state trial court's

failure to ask the petitioner whether he had anything to say before being sentenced was

not a circumstance where habeas corpus could be used to correct the error); Wright, 151

F.3d at 158 (holding that the petitioner had failed to present any evidence suggesting a

miscarriage of justice where he only raised defects based on state law); see also Short v.

Garrison, 678 F.2d 364, 369 (4th Cir. 1982) (explaining that in the absence of a

meritorious constitutional challenge, a petitioner "has a heavy burden" of demonstrating

that habeas relief can be predicated on a non-constitutional ground).

        Garvin's claims about deficiencies with the indictment and grand jury process

fare no better.  "Variances and other deficiencies in state court indictments are not

ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so

egregiously unfair as to amount to a deprivation of the defendant's right to due process."

Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985).  Here, Garvin has not shown a

due process violation rising to that level.  Id.; State v. Smalls, 613 S.E.2d 754, 756 (S.C.

2005) (explaining that under South Carolina's due process requirements, an indictment

must simply "appraise [the defendant] of the elements of the offense and to allow him to

decide whether to plead guilty or stand trial.") (internal quotation marks and citation

omitted).  Garvin argues that the State violated his due process by entering a conviction

with a court that lacked jurisdiction.  ECF No. 87 at 21.  But Garvin's assertion is

unsupported by the law.  See R&R at 15 ("Petitioner's claim that the trial court lacked subject matter jurisdiction fails because circuit courts have subject matter jurisdiction to try criminal cases regardless of whether there is a valid indictment in any particular case.") (quoting Epps v. Bazzle, 2008 WL 2563151, at *2 (D.S.C. June 23, 2008) (emphasis added)).  In the absence of any evidence of a "complete miscarriage of justice," the court overrules Garvin's objections and dismisses Ground Five.

### 3.  Ground Six

Under Ground Six, Garvin alleges that the trial judge erred in giving an instruction during the jury charge stating that "The Hand of One, is the Hand of All." Amend. Compl. at 19.  According to Garvin, he was charged as a principal of the crime, but the erroneous instruction allowed him to be charged as an accomplice.  Id.  The magistrate judge determined that although Garvin cited the Sixth Amendment in support of his claim, he was effectively arguing that the trial judge gave an instruction that misstated South Carolina law.  As such, the magistrate judge recommended the court find that Ground Six was not a cognizable claim.

Garvin argues that Ground Six is not procedurally barred.  He appears to misconstrue the magistrate judge's finding.  The magistrate judge determined that the claim required an interpretation of state law, not that the claim was procedurally defaulted.  Even if the court construed Garvin's argument to be that the error resulted in a "miscarriage of justice," the court overrules the objection.  Garvin has presented no evidence that the single phrase in the jury charge constitutes a "fundamental defect which inherently results in a complete miscarriage of justice."  Short, 678 F.2d at 370. Therefore, the court overrules Garvin's objection and denies Ground Six.

## B. Procedural Default

After recommending the dismissal of Grounds One, Five, and Six for failure to state a cognizable claim, the magistrate judge proceeded to evaluate whether the remaining claims were procedurally defaulted.

A petitioner seeking habeas relief under § 2254 may only do so once the petitioner has exhausted all remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, 566 U.S. 1, 9 (2012); see also Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (explaining that generally, "[f]ederal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred.").

But "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions." Martinez, 566 U.S. at 10. One exception applies when a prisoner seeking federal review of a defaulted claim can show cause for the default and prejudice from a violation of federal law. Id. Second, a narrow exception applies when the habeas petitioner can demonstrate that the alleged constitutional error resulted in the conviction of one who is actually innocent. Dretke v. Haley, 541 U.S. 386, 388, 393–94 (2004). With that framework in mind, the court considers Grounds Two, Three, and Four in turn,

before finally considering whether Garvin's claim of actual innocence saves any of those grounds for relief.

### 1. Ground Two

Ground Two of Garvin's amended petition alleges ineffective assistance of trial counsel. Amend. Pet. at 17. Under this claim, Garvin alleges that his trial counsel was ineffective in no less than eleven ways.

Typically, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 566 U.S. at 10. But this case is unique—Garvin did raise his claims about ineffective assistance of trial counsel in his PCR motion. See ECF No. 26-10 at 10 ¶ 11(b). The PCR court dismissed each of the claims. ECF No. 26-13 at 21–27. Garvin appealed the PCR court's dismissal, but his writ of certiorari was ultimately dismissed on procedural grounds. As such, Garvin is not arguing that he had cause to omit the ineffective assistance of counsel claims from his PCR motion; instead, he argues that the claims were never exhausted because they were "dismissed due to a procedural default [o]rder from the South Carolina Supreme Court on March 15, 2022." Amend. Pet. at 17.

By way of background, on December 9, 2021, the South Carolina Supreme Court denied Garvin's request to exceed the twenty-five-page limit set forth by the South Carolina Appellate Court Rules and warned Garvin that failure to comply would result in dismissal of the matter. ECF No. 26-15. After Garvin subsequently filed a twenty-eight-page amended petition for writ of certiorari, the Court dismissed the matter for failure to comply with both the rules and the court's previous order. Id. On March 15, 2022, the

15

Court denied Garvin's request to reinstate his appeal.  Id.  Garvin argues that he did not

default on his ineffective assistance of counsel claims (and his other PCR claims) because

the claims were presented to the State Supreme Court and were "deliberately by-passed"

by the court on appeal.  ECF No. 58 at 62.

Despite his claim to the contrary, Garvin's claims are procedurally defaulted.  As

the magistrate judge explained, Garvin exhausted his claims: since he did not properly

raise them on appeal, he would be barred from re-raising them now, and there is no

further relief available to Garvin in state court.  R&R at 16 (citing Beard v. Pruett, 134

F.3d 615, 619 (4th Cir. 1998); Woodford v. Ngo, 548 U.S. 81, 92–93 (2006)).  To

circumvent that finding, Garvin argued that the procedural rule used to dismiss his claims

was not consistently and regularly applied.  ECF No. 58 at 66.  The magistrate judge

requested supplemental briefing on that issue, and the court first briefly summarizes the

issue below.

Under the doctrine of procedural default, "a federal court will not review the

merits of claims, including constitutional claims, that a state court declined to hear

because the prisoner failed to abide by a state procedural rule."  Martinez, 566 U.S. at 9.

Stated another way, where a petitioner fails to comply with a state procedural rule, and

that failure provides an adequate and independent ground for the state's denial of relief,

federal review will also be barred if the state court has expressly relied on the procedural

default.  Harris v. Reed, 489 U.S. 255 (1989); Coleman v. Thompson, 501 U.S. 722, 735

(1991).  "A state procedural rule is adequate if it is consistently or regularly applied" by

state courts, Reid v. True, 349 F.3d 788, 804 (4th Cir. 2003), and a rule is independent "if

it does not depend on a federal constitutional ruling," <u>Fisher v. Angelone</u>, 163 F.3d 835, 844 (4th Cir. 1998) (alterations and internal quotation marks omitted).

Here, the South Carolina Supreme Court dismissed Garvin's petition based on Rule 243(e)(e) of the South Carolina Appellate Court Rules ("SCACR"), which provides that "[t]he total length of a petition shall not exceed twenty-five pages." SCACR 243(e)(3). The magistrate judge first noted there was no disagreement that Rule 243(e)(e) was "independent." The dispute was instead over whether the rule was "adequate"; <u>i.e.</u>, whether it was consistently or regularly applied by South Carolina courts. R&R at 18.

To decide whether the rule was adequate, the magistrate judge surveyed South Carolina appellate cases where petitioners had moved to exceed Rule 243(e)'s twenty-five-page limit. <u>Id.</u> Of the twenty-five motions to exceed the page limit filed by non-death-penalty petitioners, twenty of them were granted. <u>Id.</u> (citing ECF No. 68-1 at 1). Despite the seemingly high grant rate, the magistrate judge noted that the number of "exceptions" where motions to exceed the page limit were granted did not suggest that Rule 243(e)(3) is not consistently or regularly applied. <u>Id.</u> (citing <u>Yeatts v. Angelone</u>, 166 F.3d 255, 263–64 (4th Cir. 1999)). To the contrary, the occurrences together indicated "that the South Carolina Supreme Court required PCR petitioners to comply with the page limit rule or demonstrate why an exception was warranted." <u>Id.</u> at 19. Moreover, the magistrate judge found no cases—besides Garvin's—where a petitioner was instructed not to exceed the page limit by court order but did so regardless. Without a truly analogous case, Garvin could not point to a scenario where the South Carolina

Supreme Court elected <u>not</u> to enforce the rule.  <u>Id.</u> at 20 (citing <u>McNeill v. Polk</u>, 476 F.3d 206, 212–13 (4th Cir. 2007)).

In his objections, Garvin reiterates his belief that there is a "double standard" that applies to motions when filed by <u>pro</u> <u>se</u> litigants as opposed to petitioners with attorneys. ECF No. 87 at 28.  In support, Garvin attempts to add context to the statistics cited by the magistrate judge.  Per Garvin, of the four cases[6] where motions to exceed the page limit were denied, all four petitioners were proceeding <u>pro</u> <u>se</u>.  And in all cases except for one, the South Carolina Supreme Court allegedly denied the motion "without stating a [] reason."  <u>Id.</u> at 29.  But Garvin fails to connect the dots as to why this means Rule 243(e) has not been consistently or regularly applied.  Indeed, as the magistrate judge noted, the fact that the South Carolina Supreme Court has required litigants move to extend the page limit is <u>consistent</u> with a regular application of the rule.  To make a colorable showing that the rule is not consistently and regularly applied, Garvin "would need to cite a non-negligible number of cases" in which the Court permitted a litigant—<u>pro</u> <u>se</u> or otherwise—to file a brief exceeding twenty-five pages without first moving to do so or after his motion to do so was denied.  <u>See</u> <u>McCarver v. Lee</u>, 221 F.3d 583, 589 (4th Cir. 2000).  Garvin asks the court to delve into the purportedly irregular application of the rule between represented and unrepresented petitioners, but since the rule was regularly and consistently applied on its face, the court cannot read more into the State Supreme Court's rulings than what has been shown.

---

[6] As noted, the magistrate judge's review found five motions to exceed the page limit that were filed and denied.  Two of those motions were filed by Garvin, leaving three other petitioners who had their motions denied.

18

If nothing else, Garvin failed to follow a court order warning him that failure to submit a motion within the page limit would result in dismissal of the matter.  ECF No. 26-15.  SCACR 240(g) provides that the failure to comply with an act required by the rules "may be deemed an abandonment of the . . . petition."  Garvin cites no case where a petitioner was allowed to proceed after failing to comply with a court order and does not respond to the magistrate judge's comment on this matter in his objections.  Since the state court's proffered reason for dismissing the PCR petitioner was entirely procedural, the court finds that Garvin's ineffective assistance of counsel claim is procedurally defaulted.

### 2.  Ground Three

Ground Three alleges prosecutorial misconduct.  Amend. Compl. at 9. Specifically, Garvin alleges that the state prosecutor committed "extrinsic fraud upon the court" by (1) presenting a false confession, (2) failing to correct a State witness who testified as to the trustworthiness of the false statement, and (3) "vouching" for the credibility of the State witness during closing arguments.  Id.  Like Garvin's claims of ineffective assistance of trial counsel, the claims about prosecutorial misconduct were raised in Garvin's PCR motion, ECF No. 26-10 at 10–11; denied by the PCR court, ECF No. 26-13 at 17–18; and dismissed when Garvin failed to adhere to the state's procedural rules for filing petitions to review PCR decisions, ECF No. 26-15.  For the same reasons as discussed above, the court finds that federal habeas review is barred based on Garvin's failure to follow an adequate and independent state procedural rule.

### 3. Ground Four

Ground Four alleges police misconduct.  Amend. Compl. at 11.  Garvin alleges that certain evidence presented at his trial was derived from an unlawful arrest and would not have come to light but for the misconduct of the certain law enforcement officers.  Id. This claim was similarly raised in Garvin's PCR motion, ECF No. 26-10 at 11 ¶ 11(g)–(h), and then dismissed on appeal based on Garvin's failure to adhere to an adequate and independent state procedural rule.  The claim is therefore procedurally defaulted.

Notably, Garvin previously argued that his procedural default should alternatively be excused for cause and prejudice based on his "low level of competence," ECF No. 52 at 242, but he appears to have since abandoned that argument.  Without cause or prejudice for the default, the court turns to Garvin's objection to the magistrate judge's finding that he has not established actual innocence.

### 4. Actual Innocence[7]

A procedurally defaulted claim may be heard by a federal court where the petitioner can demonstrate "actual innocence."  Schlup v. Delo, 513 U.S. 298, 321 (1995).  Actual innocence may be shown only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray v. Carrier, 477 U.S. 478, 495 (1986); see also Schlup, 513 U.S. at 327 (clarifying that the actual-innocence gateway requires a stronger showing than that needed to establish cause and prejudice).  A "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no

---

[7] As discussed earlier, Garvin raised a freestanding claim of actual innocence under Ground One.  Although the court dismissed Ground One, the court applies Garvin's objections under that claim to the issue presented here.

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."
Schlup, 513 U.S. at 329.

The magistrate judge addressed Garvin's claims of actual innocence by reviewing the evidence presented at his trial, at the PCR evidentiary hearing, and from his federal habeas filings. R&R at 21–28. Upon his arrest on July 17, 2012, Garvin was issued a Miranda warning and provided a signed voluntary statement. The signed statement shown at trial read:

> This guy known as "Fred" kept calling my roommate I know as Perez. Perez and "Fred" kept talking about delivering 15 bundles of heroin to Spartanburg. I took Perez yesterday to pick up 15 bundles from a guy that Perez knows. I put in $200.00 for this 15 bundles. We bought 4 grams of heroin and we worked it up to 15 grams with powdered sugar. We were coming to sell it for $280.00 per "brick." All of this was done in Henderson, North Carolina.

ECF No. 26-1 at 187. The statement was prepared by B.A. Asbill ("Asbill"), an agent with the South Carolina Law Enforcement Division, and signed by Garvin. ECF No. 26-1 at 95. Asbill also prepared an interview report documenting the interview and statement. As relevant here, Garvin produced two copies of the interview report prepared by Asbill at his PCR evidentiary hearing. The reports were substantially identical, except one indicated it was a report of an interview with "Jonathan Garvin," while the other indicated it was a report of an interview with "Jonathan Perez." Compare ECF No. at 58-2 at 1108, with ECF No. 58-2 at 1109. Jonathan Perez had testified at trial that he never gave a statement to law enforcement. ECF No. 26-1 at 136–37 (Tr. 239:23–240:8). Garvin had testified that he signed a statement written by Asbill but claimed it was not the statement that was presented at trial. Id. at 112. He testified that Asbill "had a bunch of papers in his hand, and then he like flipped the papers up," suggesting Asbill somehow tricked Garvin into signing a different statement than the one Garvin reviewed.

21

Garvin fails to object to the primary basis for the magistrate judge's recommendation against applying the actual-innocence exception. The magistrate judge correctly noted that "[t]he key to an actual-innocence claim is the submission of 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" R&R at 25–26 (quoting Hayes v. Carver, 922 F.3d 212, 216 (4th Cir. 2019)); see also Teleguz v. Pearson, 689 F.3d 322, 328 (4th Cir. 2012) (explaining that although a district court must consider all evidence, old and new, to determine actual innocence, the court only reaches an actual-innocence claim if the petitioner makes a threshold showing of new reliable evidence). The two interview reports created by Asbill were presented at Garvin's PCR hearing, and the PCR court determined that they did not prove that law enforcement fabricated the signed statement. ECF No. 26-13 at 17–18. Asbill's reports therefore do not constitute new evidence, and any actual-innocence arguments premised on the reports cannot excuse procedural default. See Sharpe v. Bell, 593 F.3d 372, 374–75 (4th Cir. 2010) (holding that the district court erred in finding that the petitioner had come forward with new evidence of actual innocence because the district court ignored state post-conviction proceedings where the state court determined the petitioner's evidence was not credible). Garvin fails to object to the magistrate judge's application of the rule and still has not presented any new reliable evidence to support his claims. The court therefore overrules Garvin's objection on this basis alone.

Instead of objecting to the R&R's conclusion about the lack of new evidence, Garvin objects to the R&R for purportedly finding that the discrepancy between the two reports was due to a scrivener's error. ECF No. 87 at 4. Garvin misconstrues the R&R.

The magistrate judge did not conclude as a matter of law that the discrepancy was due to a scrivener's error. Similarly, the magistrate did not find as a matter of law that Asbill's testimony was more credible than Garvin's. See id. at 5 (claiming that the magistrate judge found Asbill's testimony about the scrivener's error to be credible). Rather, the magistrate judge summarized those conclusions from the PCR court to underscore that the PCR court had already considered the issue—meaning again, Garvin had not presented new evidence in support of his actual-innocence argument. R&R at 26–27. To the extent the magistrate judge otherwise explored why Garvin's actual innocence claim failed notwithstanding his failure to present new evidence, the magistrate judge explained that even setting the voluntary statement aside, "there was also video evidence of the drug deal and testimony by a confidential informant and law enforcement officers who witnessed the drug deal." Id. at 28. Garvin fails to offer a compelling reason how that evidence does not defeat his actual innocence claim. Even if Garvin's copies of Asbill's reports somehow constituted "new" evidence, the court adopts the magistrate judge's recommendation. Garvin has not proven that he is actually innocent such that the court should review his procedurally defaulted claims.

### C. Declaratory Judgment

Garvin also objects to the portion of the R&R relating to his motion for declaratory judgment, claiming he did not consent to a magistrate judge resolving his motion for declaratory judgment. ECF No. 87 at 34. 28 U.S.C. § 636(b)(1) allows a magistrate judge to submit a report and recommendation for the disposition of a motion for judgment on the pleadings and applications for posttrial relief. The magistrate judge properly issued a recommendation on the motion declaratory judgment, which the court

now adopts.  See R&R at 9 ("The undersigned would similarly recommend the motion for declaratory judgment be denied.").

In the R&R, the magistrate judge determined that Garvin's motion for declaratory judgment essentially restated Ground Five from his amended petition.  Since the magistrate judge recommended dismissing Ground Five, the magistrate judge likewise recommended denying Garvin's motion.  Garvin objects by reasserting that Ground Five is a cognizable claim.  ECF No. 87 at 35.  Garvin does not actually dispute that his motion for declaratory judgment, like Ground Five, is premised on arguing that the grand jury lacked subject matter jurisdiction based on alleged errors in the state court process.  See also ECF No. 63-3 ("Petitioner contends that his declaratory judgment motion is based solely on the fact that his two true-billed indictments are not sufficient to satisfy South Carolina's statutory required mode of procedure laws . . . .").  Since the court similarly finds that Ground Five is not a cognizable claim in this habeas proceeding, the court adopts the magistrate judge's recommendation and denies Garvin's motion.

### D.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El, 537 U.S. at 336–38.

For the reasons discussed in this order, the court finds that the legal standard for the issuance of a certificate of appealability has not been met. Accordingly, the court will deny a certificate of appealability.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** Cohen's motion for summary judgment, **DENIES** Garvin's motion for declaratory judgment, and **DENIES** a certificate of appealability. Additionally, the court finds as **MOOT** Garvin's motion for preliminary injunction, ECF No. 92, and motion for release, ECF No. 94.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 14, 2023**
**Charleston, South Carolina**